FILED

2003 DEC -3 A 10: 14

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHELLE MARTIN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 301CV02189 (SRU) |
| v. | : | |
| | : | |
| DUPONT FLOORING SYSTEMS, INC. | : | |
| and DUPONT COMMERCIAL | : | |
| FLOORING SYSTEMS, INC., | : | |
| | : | |
| Defendants. | : | DECEMBER 2, 2003 |

ANSWER TO SECOND AMENDED COMPLAINT

Defendants, DuPont Flooring Systems, Inc. and DuPont Commercial Flooring Systems, Inc. (collectively "DuPont Flooring"), hereby answer Plaintiff's Second Amended Complaint as follows:

1. Paragraph 1 is a summary statement which requires no response.

2. DuPont Flooring admits the allegations of paragraph 2.

3. DuPont Flooring admits the allegations of paragraph 3.

4. Paragraph 4 is a jurisdictional statement which requires no response.

5. Paragraph 5 is a jurisdictional statement which requires no response.

6. DuPont Flooring states that Exhibit A speaks for itself. DuPont Flooring admits that plaintiff worked for DuPont Flooring from April 19, 1999 until November 20, 2000.

7. DuPont Flooring admits the allegations of paragraph 7.

8. DuPont Flooring states that Exhibit A speaks for itself.

9. DuPont Flooring admits that Jory Dennison had discussions with plaintiff about a potential sales job with DuPont in or about March and April 1999 and that plaintiff was advised that she would receive training. Otherwise, DuPont Flooring denies the allegations of paragraph 9.

10. DuPont Flooring admits that Jory Dennison had discussions with plaintiff about a potential sales job with DuPont in or about March and April 1999 and DuPont Flooring admits that the details of a potential bonus component of her compensation were not discussed prior to her hire. Otherwise, DuPont Flooring denies the allegations of paragraph 10.

11. DuPont Flooring admits that Jory Dennison had discussions with plaintiff about a potential sales job with DuPont in or about March and April 1999. Otherwise, DuPont Flooring denies the allegations of paragraph 11.

12. DuPont Flooring admits that plaintiff asked to meet with her supervisor, Jory Dennison ("Dennison") to discuss a potential bonus component of her compensation. Otherwise, DuPont Flooring denies the allegations of paragraph 12.

13. DuPont Flooring denies the allegations of paragraph 13.

14. DuPont Flooring admits the allegations of paragraph 14.

15. DuPont Flooring denies the allegations of paragraph 15.

16. DuPont Flooring denies the allegations of paragraph 16.

17. DuPont Flooring admits that Dennison was not disciplined, but denies there was any basis for discipline. DuPont Flooring denies the remaining allegations of paragraph 17.

18. DuPont Flooring admits that on or about August 24, 1999, plaintiff met with Keyes and Grobert. Otherwise, DuPont Flooring denies the allegations of paragraph 18.

19. DuPont Flooring denies the allegations of paragraph 19.

20. DuPont Flooring denies the allegations of paragraph 20.

21. DuPont admits that Dennison did not permit plaintiff to attend a training session in Florida. Otherwise, DuPont Flooring denies the allegations of paragraph 21.

22. DuPont Flooring denies the allegations of paragraph 22 as stated.

23. DuPont Flooring admits that on or about December 12, 1999, plaintiff did have a meeting with Dennison and Michael Solecki, Regional Vice President. Otherwise, DuPont Flooring denies the allegations of paragraph 23.

24. DuPont Flooring admits that with the help of others at DuPont, plaintiff finalized a contract with Purdue Pharma, LP ("Purdue"), that in or about February 2000 DuPont gave plaintiff a choice of compensation schemes for 2000, that plaintiff elected her bonus package and that plaintiff's compensation for 2000 did not include sales prior to January 1, 2000 or a mileage allowance. Otherwise, DuPont Flooring denies the allegations of paragraph 24.

25. DuPont Flooring denies the allegations of paragraph 25.

26.    DuPont Flooring denies the allegations of paragraph 26.

27.    DuPont Flooring admits that it has an office located in Wallingford, Connecticut but otherwise denies the allegations of paragraph 27.

28.    DuPont Flooring admits that in or about August or September 2000, plaintiff requested a report of her sales and an advance on her commissions. Otherwise, DuPont Flooring denies the allegations of paragraph 28.

29.    DuPont Flooring denies the allegations of paragraph 29.

30.    DuPont Flooring admits that in or about September and October 2000, several meeting were held between Solecki and plaintiff. Otherwise DuPont Flooring denies the allegations of paragraph 30.

31.    DuPont Flooring admits that plaintiff stated that she could not work under Dennison's direction. Otherwise, DuPont Flooring denies the allegations of paragraph 31.

32.    DuPont Flooring admits the allegations of paragraph 32.

33.    DuPont Flooring admits that in or about September 2000, plaintiff was credited for starting new jobs where the contracts for sale totaled more than $600,000. Otherwise, DuPont Flooring denies the allegations of paragraph 33.

34.    DuPont Flooring admits that in or about September 2000, plaintiff was credited for staring a new job for a customer known as Purdue where the contract for sale was more than $200,000. Otherwise, DuPont Flooring denies the allegations of paragraph 34.

35.    DuPont Flooring admits the allegations of paragraph 35.

36. DuPont Flooring admits that it did not give plaintiff an advance against a potential bonus and that a male salesperson in Connecticut had been given an advance against a potential commission. Otherwise, Dupont Flooring denies the allegations of paragraph 36.

37. DuPont Flooring admits that a meeting on or about October 25, 2000, plaintiff received a written warning. DuPont Flooring states that Exhibit B speaks for itself. Otherwise, DuPont Flooring denies the allegations of paragraph 37.

38. DuPont Flooring denies the allegations of paragraph 38.

39. DuPont Flooring admits the allegations of paragraph 39.

40. DuPont Flooring states that Exhibit B speaks for itself. Otherwise, DuPont Flooring denies the allegations of paragraph 40.

41. DuPont Flooring denies the allegations of paragraph 41.

42. DuPont Flooring admits that on or about October 25, 2000, plaintiff gave written notice terminating her employment. Otherwise, DuPont Flooring denies the allegations of paragraph 42.

43. DuPont Flooring denies the allegations of paragraph 43.

44. DuPont Flooring admits that Solecki told plaintiff he would go to bat for her and that plaintiff returned to work the day after giving written notice of resignation. Otherwise, DuPont Flooring denies the allegations of paragraph 44.

45. DuPont Flooring admits the allegations of paragraph 45.

FIRST CAUSE OF ACTION - BREACH OF CONTRACT

46. DuPont Flooring restates its answers made to paragraphs 1 through 45 of the Second Amended Complaint as if fully restated herein.

47. DuPont Flooring admits the allegations of paragraph 47.

48. DuPont Flooring denies the allegations of paragraph 48.

49. DuPont Flooring denies the allegations of paragraph 49.

50. DuPont Flooring denies the allegations of paragraph 50.

51. DuPont Flooring admits the allegations of paragraph 51.

52. DuPont Flooring denies the allegations of paragraph 52.

53. DuPont Flooring denies the allegations of paragraph 53.

SECOND CAUSE OF ACTION-PROMISSORY ESTOPPEL

54. DuPont Flooring restates its answers made to paragraphs 1 through 53 of the Second Amended Complaint as if fully restated herein.

55. DuPont Flooring denies the allegations of paragraph 55.

56. DuPont Flooring denies the allegations of paragraph 56.

57. DuPont Flooring denies the allegations of paragraph 57.

58. DuPont Flooring denies the allegations of paragraph 58.

59. DuPont Flooring denies the allegations of paragraph 59.

THIRD CAUSE OF ACTION - NEGLIGENT MISREPRESENTATION

    60.    DuPont Flooring restates its answers made to paragraphs 1 through 59 of the Second Amended Complaint as if fully restated herein.

    61.    DuPont Flooring denies the allegations of paragraph 61.

    62.    DuPont Flooring denies the allegations of paragraph 62.

    63.    DuPont Flooring denies the allegations of paragraph 63.

    64.    DuPont Flooring denies the allegations of paragraph 64.

    65.    DuPont Flooring denies the allegations of paragraph 65.

    66.    DuPont Flooring denies the allegations of paragraph 66.

    67.    DuPont Flooring denies the allegations of paragraph 67.

    68.    DuPont Flooring denies the allegations of paragraph 68.

FOURTH CAUSE OF ACTION - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

    69.    DuPont Flooring restates its answers made to paragraphs 1 through 68 of the Second Amended Complaint as if fully restated herein.

    70.    DuPont Flooring admits the allegations of paragraph 70.

    71.    DuPont Flooring denies the allegations of paragraph 71.

    72.    DuPont Flooring denies the allegations of paragraph 72.

    73.    DuPont Flooring denies the allegations of paragraph 73.

    74.    DuPont Flooring denies the allegations of paragraph 74.

    75.    DuPont Flooring denies the allegations of paragraph 75.

    76.    DuPont Flooring denies the allegations of paragraph 76.

77. DuPont Flooring denies the allegations of paragraph 77.

78. DuPont Flooring denies the allegations of paragraph 78.

79. DuPont Flooring denies the allegations of paragraph 79.

80. DuPont Flooring denies the allegations of paragraph 80.

81. DuPont Flooring denies the allegations of paragraph 81.

82. DuPont Flooring denies the allegations of paragraph 82.

83. DuPont Flooring denies the allegations of paragraph 83.

FIFTH CAUSE OF ACTION - FRAUD

84. DuPont Flooring restates its answers made to paragraphs 1 through 83 of the Second Amended Complaint as if fully restated herein.

85. DuPont Flooring denies the allegations of paragraph 85.

86. DuPont Flooring denies the allegations of paragraph 86.

87. DuPont Flooring denies the allegations of paragraph 87.

88. DuPont Flooring denies the allegations of paragraph 88.

89. DuPont Flooring denies the allegations of paragraph 89.

90. DuPont Flooring denies the allegations of paragraph 90.

91. DuPont Flooring denies the allegations of paragraph 91.

92. DuPont Flooring denies the allegations of paragraph 92.

## SIXTH CAUSE OF ACTION - DISCRIMINATION BASED UPON SEX

93.  DuPont Flooring restates its answers made to paragraphs 1 through 92 of the Second Amended Complaint as if fully restated herein.

94.  DuPont Flooring admits the allegations of paragraph 94.

95.  DuPont Flooring admits the allegations of paragraph 95.

96.  DuPont Flooring denies the allegations of paragraph 96.

97.  DuPont Flooring lacks sufficient knowledge to admit or deny the allegations of paragraph 97, and leaves plaintiff to her proof.

98.  DuPont Flooring lacks sufficient knowledge to admit or deny the allegations of paragraph 98, and leaves plaintiff to her proof.

99.  DuPont Flooring lacks sufficient knowledge to admit or deny the allegations of paragraph 99, and leaves plaintiff to her proof.

100.  Assuming that when the allegation says "sales force," it means the positions of "Sales Account Representative," "Sales Associate," "Senior Sales Associate," "Sales Manager," "Vice President Sales" and "Senior Vice President Sales," DuPont admits the allegations of paragraph 100.

101.  Assuming that when the allegation says "mostly male" it means "more males than females," and further assuming that when the allegation says "sales force" it means the positions of "Sales Account Representative," "Sales Associate," "Senior Sales Associate," "Sales Manager," "Vice President Sales" and "Senior Vice President Sales," DuPont Flooring admits the allegations of paragraph 101.

102. Assuming that when the allegation says "sales force," it means the positions of "Sales Account Representative," "Sales Associate," "Senior Sales Associate," "Sales Manager," "Vice President Sales" and "Senior Vice President Sales," DuPont Flooring admits the allegations of paragraph 102.

103. Assuming that when the allegation says "mostly male" it means "more males than females," and further assuming that when the allegation says "sales force" it means the positions of "Sales Account Representative," "Sales Associate," "Senior Sales Associate," "Sales Manager," "Vice President Sales" and "Senior Vice President Sales," DuPont Flooring admits the allegations of paragraph 103.

104. Assuming that when the allegation says "mostly male" it means "more males than females," DuPont Flooring admits the allegations of paragraph 104.

105. Assuming that when the allegation says "mostly male" it means "more males than females," DuPont Flooring admits the allegations of paragraph 105.

106. Assuming that when the allegation says "mostly male" it means "more males than females," DuPont Flooring admits the allegations of paragraph 106.

107. Assuming that when the allegation says "mostly male" it means "more males than females," DuPont Flooring admits the allegations of paragraph 107.

108. DuPont Flooring admits that it views "equal opportunity" in the employment context to mean giving applicants and employees an equal opportunity regardless of, among other things, sex. DuPont Flooring also admits that non-discrimination in employment also means giving applicants and employees an equal opportunity regardless of, among other things, sex. To the extent that plaintiff is alleging that DuPont Flooring's view of "equal

employment opportunity" is limited in some manner in that it does not take into account something other than non-discrimination, DuPont Flooring can neither admit nor deny that allegation as it is unclear what plaintiff would propose to include in her definition of "equal employment opportunity."

109. DuPont Flooring admits that it did not keep track of its applicant flow via an applicant flow log in Connecticut during the course of plaintiff's employment. Otherwise DuPont Flooring denies the allegations of paragraph 109.

110. DuPont Flooring denies the allegations of paragraph 110.

111. DuPont Flooring admits that it did not publicly advertise for sales person positions in Connecticut. Otherwise DuPont Flooring denies the allegations of paragraph 111.

112. DuPont Flooring denies the allegations of paragraph 112.

113. DuPont Flooring denies the allegations of paragraph 113.

114. DuPont Flooring denies the allegations of paragraph 114.

115. DuPont Flooring admits that it was informed of plaintiff's sales activities. Otherwise DuPont Flooring denies the allegations of paragraph 115.

116. DuPont Flooring denies the allegations of paragraph 116.

117. DuPont Flooring admits that it was informed of sales persons' activities. Otherwise DuPont Flooring denies the allegations of paragraph 117.

118. DuPont Flooring admits the allegations of paragraph 118 as to A'Adamo and Accarpio.

119. DuPont Flooring admits that plaintiff was never offered a position in sales management. Otherwise DuPont Flooring denies the allegations of paragraph 119.

120. DuPont Flooring denies the allegations of paragraph 120.

121. DuPont Flooring denies the allegations of paragraph 121.

122. DuPont Flooring denies the allegations of paragraph 122.

123. DuPont Flooring denies the allegations of paragraph 123.

124. DuPont Flooring denies the allegations of paragraph 124.

## AFFIRMATIVE DEFENSE

First Affirmative Defense

The plaintiff has failed to mitigate her damages.

DEFENDANT - DUPONT FLOORING SYSTEMS, INC. and DUPONT COMMERCIAL FLOORING SYSTEMS, INC.

By *Marilyn B. Fagelson*
Hugh F. Murray, III - ct11418
Marilyn B. Fagelson - ct17202

Murtha Cullina LLP
Whitney Grove Square
Two Whitney Avenue
P.O. Box 704
New Haven, Connecticut 06503-0704
Telephone: (203) 772-7700
Fax: (203) 772-7723
E-mail: hmurray@murthalaw.com
mfagelson@murthalaw.com
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer to First Amended Complaint was sent via UPS overnight mail, on this 2nd day of December, 2003 to: Fern H. Paes, Esq. and Michael T. Paes, Esq., Paes & Paes, LLC, 4 Washington Avenue, Sandy Hook, CT 06482.

Marilyn B. Fagelson - ct17202