UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 DEC -5  P 12: 18

| | | |
|---|---|---|
| MICHELLE MARTIN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 301CV02189 (SRU) |
| v. | : | |
| | : | |
| DUPONT FLOORING SYSTEMS, INC. | : | |
| and DUPONT COMMERCIAL | : | |
| FLOORING SYSTEMS, INC., | : | |
| | : | |
| Defendants. | : | December 4, 2003 |

## MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME AND MOTION TO STRIKE ANSWER

Defendants have moved for a motion for extension of time dated December 2, 2003, alleging that an extension of time was necessary "because information regarding a number of new factual allegations was not readily available." Defendants had been in possession of the second amended complaint since about August 13, 2003, having been served via US Mail on August 12, 2003 along with Plaintiff's motion for leave to amend. His Honor ordered the Second Amended complaint docketed on October 23, 2003. In order to remind Defendant that its answer was due, Plaintiff's counsel served the Second Amended Complaint on Defendant's counsel on November 5, 2003. The Second Amended Complaint was necessary to make minor changes to the pleading to conform to the evidence adduced during discovery. Depositions of Defendant's witnesses were completed on January 15, 2003 although a number of Defendant's errata sheets were not supplied to Plaintiff until July, 2003. Documents continued to be produced into April 2003 (including documents dating back to 2000, not previously provided by

1

Defendant). The changes to the amended complaint for the most part reflected testimony by these parties as well as by Plaintiff whose testimony was taken in December 2002. In short, there was no surprise to Defendants as to the allegations in the Second Amended Complaint.

Defendants' counsel's statement that she attempted to contact Plaintiff's attorneys is deliberately misleading. Although Plaintiff's attorneys were out of the state from November 9-20, 2003 the office was staffed during that time, with a secretary answering the phones and taking messages and after hours left on an answering machine. Plaintiff's counsel called in periodically for messages and upon return, took care of all remaining messages. There was no contact of any kind received from Defendant's counsel in this matter during that time or at any time in November. The only call from Defendant's counsel was received by this office on December 2, 2003 at approximately 3:45 PM when Plaintiff's counsel was in a meeting, the same day the motion went out. Clearly the motion had been prepared before Defendant's counsel called. Defendant's counsel stated to Plaintiff's secretary that she would only be available until just before 4 PM because she had a 4 PM conference call. As a result, Plaintiff's counsel returned Defendant's counsel's call via her voice mail at approximately 9:20 AM on December 3, 2003, the same day Defendant's motion (and answer) was received by Plaintiff's counsel via overnight courier. Defendant's counsel returned that call in late morning, December 3rd.

Fed. R. Civ. Pro. 6(b) provides two criteria for enlargement of time. The first provides for enlargement of time when the request is made before the expiration of the period originally set. Such is not the case here. The second provides for enlargement of time upon motion made after the expiration of the specified period and permits..."the act to be done where the failure to act was the result of excusable neglect..." Plaintiff leaves the decision to His Honor whether

2

Defendant's counsel's failure to act "because information regarding a number of new factual allegations was not readily available" is sufficient excusable neglect to warrant the requested extension of time. Certainly Defendants knew in November that they would not be able to answer in time, yet delayed contacting Plaintiff's counsel. See, e.g. United States v. York Construction Co. 25 FRD 478, 479-80 (D.N.D.) in which a motion for permission to file answer was denied where defendant failed to establish excusable neglect. If his Honor determines that the motion for extension of time should be denied, then the answer should be stricken and Defendant should be defaulted for failure to answer by November 18, 2003, and this Court should grant such other and further relief as warranted, including attorney's fees, in this matter.

> Respectfully submitted
> The Plaintiff, Michelle Martin
>
> By: _/s/ Fern H. Paes/_
> Fern H. Paes - ct21566
> Attorney for Plaintiff
> Paes & Paes, LLC
> 4 Washington Avenue
> Sandy Hook, CT 06482
> 203-270-0853

## CERTIFICATION

I hereby certify that a copy of this Memorandum in Opposition was sent via US mail to defendants' counsel of record on this December 4, 2003:
> Hugh F. Murray, III & Marilyn B. Fagelson
> Whitney Grove Square
> Two Whitney Avenue, PO Box 704
> New Haven, CT 06503-0704

_/s/ Fern H. Paes/_
Fern H. Paes

IT IS SO ORDERED:

Dated: _____    _____
                            HONORABLE STEFAN R. UNDERHILL
                            UNITED STATES DISTRICT JUDGE