UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHELLE MARTIN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 301CV02189 (SRU) |
| v. | : | |
| | : | |
| DUPONT FLOORING SYSTEMS, INC. | : | |
| and DUPONT COMMERCIAL | : | |
| FLOORING SYSTEMS, INC., | : | |
| | : | |
| Defendants. | : | MARCH 2, 2004 |

DEFENDANTS' SECOND SUPPLEMENTAL MEMORANDUM IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

During the course of oral argument on Defendants' Motion for Summary Judgment held on February 27, 2004, the Court asked Defendants to identify the support that the case of Franco v. Yale Univ., 238 F. Supp. 2d 449 (D. Conn., 2002), might lend to the proposition that a claim of good faith and fair dealing required a showing of reliance. The purpose of this Second Supplemental Memorandum is to respond to that inquiry.

In Franco the Court identified the three essential elements of a claim for breach of the covenant of good faith and fair dealing as follows:

> first, that the plaintiff and the defendant were parties to a contract under which the plaintiff reasonably expected to receive certain benefits; second, that the defendant engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits he reasonably expected to receive under the contract, the defendant was acting in bad faith.

Id. at 455 citing Fairfield Financial Mortgage Group, Inc. v. Salzar, No. CV000339752S, 2002 Conn. Super LEXIS 1352 (Conn. Super., Apr. 23, 2002).

Although the Franco Court held that the plaintiff's claim in that case failed for several reasons, one of those reasons was that the plaintiff had failed to proffer any evidence of bad faith. The Franco Court noted that

> "[b]ad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . Bad faith means more than mere negligence; it involves a dishonest purpose." Habetz v. Condon, 224 Conn. 231, 237, 618 A.2d 501 (1992)(internal citations and quotations omitted).

Franco v. Yale Univ., 238 F. Supp. 2d at 455 (citations omitted).

In this case, Plaintiff Michelle Martin alleges in Count Four of the Second Amended Complaint that the Defendants breached the covenant of good faith and fair dealing by making false statements upon which she relied to her detriment. See Second Amended Complaint ¶¶ 73-81. Thus, actual or constructive fraud is the type of bad faith alleged by Ms. Martin and, under Franco, Ms. Martin's failure to provide evidence of fraud, including evidence of Ms. Martin's reliance on the purported false statements, is grounds for summary judgment on her claim.

## Conclusion

For the reasons set forth above and in the Defendants' initial Memorandum in Support of its Motion for Summary Judgment, Reply Memorandum of Law, and Supplemental Memorandum of Law summary judgment is appropriate on all of Plaintiff's claims.

DEFENDANTS - DUPONT FLOORING
SYSTEMS, INC. and DUPONT
COMMERCIAL FLOORING SYSTEMS, INC.


By: _____
    Hugh F. Murray, III - ct11418
    Marilyn B. Fagelson - ct17202

Murtha Cullina LLP
Whitney Grove Square
Two Whitney Avenue
P.O. Box 704
New Haven, Connecticut 06503-0704
Telephone:  (203) 772-7700
Fax:  (203) 772-7723
E-mail:  hmurray@murthalaw.com
       mfagelson@murthalaw.com
Their Attorneys

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendants' Second Supplemental Memorandum in Support of Their Motion for Summary Judgment was sent by first class mail, postage prepaid, on March 2, 2004 to Fern H. Paes, Esq. and Michael T. Paes, Esq., Paes & Paes, LLC, 4 Washington Avenue, Sandy Hook, CT 06482.

Marilyn B. Fagelson - ct17202